CITY OF MARSHALL v. J. W. AND W. S. ADKINS ET AL.

Decided April 14, 1910.

**1.—City—Contract—Liquidated Damages.**

Private parties contracted with a city to construct a gas plant and mains for supplying the city and its inhabitants, receiving a franchise to use the public streets, engaging to complete the work and have it in operation in two years, and executing bond to the city in $1,000 as liquidated damages for noncompliance. The contractors assigned their rights to others who assumed their obligations. The time having nearly expired, the work not completed, and the suit on the bond threatened by the city, the assignees obtained an extension of time for one year by executing a new bond for $1,000 "due and payable" at the expiration of the period of extension if the work was not then done. They did not complete it in that time and the city sued on this bond. Held, that the sum named was to be treated as liquidated damages and not as a penalty, and plaintiff could recover the amount named without making proof of actual damages. The facts that the original bond was for liquidated damages; that the city was contracting for a public service for the benefit of its inhabitants; that any actual damages to it from the breach were in their nature uncertain and indeterminate; and that the sum specified was not unreasonable as a fixed amount for recovery, are considered in reaching this construction of the contract.

**2.—Contract—Bond—Consideration—Extension of Time.**

The extension of time by the promisee for the completion of a contract by an assignee who had assumed the obligations of the original promissor

furnished sufficient consideration for a new bond given by such assignee to secure the performance of the work within the extended time so granted.

Appeal from the District Court of Harrison County. Tried below before Hon. W. C. Buford.

*Beard & Davidson,* for appellant.—Plaintiff made a prima facie case entitling it to judgment for the amount of the bond. Yetter v. Hudson, 57 Texas, 610; Hall v. O'Connor, 37 S. W., 239; Collier v. Betterton, 87 Texas, 440; Durst v. Swift, 11 Texas, 281; Eakin v. Scott, 7 S. W., 777; United States v. Hodson, 10 Wallace, 395; Ingle v. Jones, 2 Wallace, 1; Bridge Co. v. Dix, 6 Howard, 507; Dartmouth College v. Woodward, 4 Wheat., 518.

Defendants were estopped from disputing the validity of the bond. Devine v. U. S. Mortgage Co., 48 S. W., 591; Martin v. Roten, 66 S. W., 212; Moore v. Moore, 63 Texas, 374; Williams v. Meyers, 64 S. W., 66; Prior v. Pendleton, 92 Texas, 348; 16 Cyc., 787, 790; United States v. Hodson, 10 Wallace, 395.

Defendants offered no evidence to show that the damages were less than the sum stipulated in the bond. Collier v. Betterton, 87 Texas, 440; Halff v. O'Connor, 37 S. W., 239; Sante Fe Ry. Co. v. Shutz, 83 S. W., 43; Nesbitt v. McGraw, 91 S. W., 311; Cowart v. Connelly, 108 S. W., 974; Yetter v. Hudson, 57 Texas, 610.

The court erred in holding the amount named in the bond to be a penalty. Collier v. Betterton, 87 Texas, 440; Halff v. O'Connor, 37 S. W., 239; Durst v. Swift, 11 Texas, 281; Eakin v. Scott, 7 S. W., 777; Yetter v. Hudson, 57 Texas, 610.

*C. E. Carter,* for appellees Adkins.—The bond, contract and franchise of Breathwit & Elmore, having been partially fulfilled and complied with, according to its written terms, a suit on said bond, will be held in law, to be a suit for damages as a penalty only, notwithstanding the terms of the bond may be for "liquidated damages." Farrar v. Beeman, 63 Texas, 175; Lampman v. Cochran, 16 N. Y., 275, 19 Barb. (N. Y.), 388; Shute v. Taylor, 5 Metc., 61; Sutherland, Damages (2d ed.), sec. 296, and authorities, note 2; 13 Cyc., page 104, note 64, and authorities.

Where damages for a breach of some of the covenants of an agreement can be readily ascertained, yet there are others where the loss would be difficult to estimate the damages will be construed as a penalty and not as liquidated. McPherson v. Robertson, 82 Ala., 459; Trower v. Elder, 77 Ill., 452; Carpenter v. Lockhart, 1 Ind., 434; St. Louis Ry. Co. v. Shoemaker, 27 Kan., 677; Higginson v. Weld, 14 Gray, 165; Chase v. Allen, 13 Gray, 42; Morse v. Rathburn, 42 Mo., 594, 97 Am. Dec., 359; Thoroughgood v. Walker, 47 N. C., 15; 13 Cyc., page 96, note 39, and authorities.

Where the agreement contains several matters of different degrees of importance, and yet the sum named is payable for the breach of any, even the least, the damages in law will be held to be a penalty and not liquidated damages, though the damages resulting from

a breach of all of them are uncertain. Durst v. Swift, 11 Texas, 142; Sutherland, Damages, sec. 295 (2d ed.), and authorities cited, pages 620-1; Lyman v. Babcock, 40 Wis., 503; 13 Cyc., page 101, and authorities cited, note 57; Watt v. Sheppard, 2 Ala., 425.

"Liquidated damages" when employed in a contract may be construed, in the light of the intention of the parties, to mean a penalty. Durst v. Swift, 11 Texas, 142; Yetter v. Hudson, 57 Texas, 612; Farrar v. Beeman, 63 Texas, 181; 2 Sedg., Dam. (7th ed.), 215; 13 Cyc., page 90, note 21, and authorities; 13 Cyc., page 93, note 30, and authorities, also note 32.

Where the law implies damages such as necessarily result from a wrongful act, proof is required to show the extent and amount of damages. City of Van Alstyne v. Morris, 77 S. W., 655; Davis v. Texas Pac. Ry. Co., 42 S. W., 1008; International & G. N. Ry. Co. v. Simcock, 17 S. W., 47; Texas Pac. Ry. Co. v. Curry, 64 Texas, 87.

The bond given by J. W. & W. S. Adkins, was void for the want of a consideration to support the same. Leona I. M. & Co. v. Roberts, 62 Texas, 615; Wooters v. Smith, 56 Texas, 198; Johnson v. Erskine, 9 Texas, 1; Eichoff v. Tidball, 61 Texas, 421; Dignan v. Shields, 51 Texas, 322.

*Meador & Davis,* for Bond Guaranty Company.

LEVY, ASSOCIATE JUSTICE.—On March 27, 1906, the city council of the city of Marshall duly adopted an ordinance granting to J. L. Breathwit and R. D. Elmore, and their successors and assigns, the right for a period of thirty years to use the streets and alleys of the city to maintain and operate a gas plant and mains as a public utility in the city. Section 7 of the ordinance required the grantees, and their successors and assigns, to have the plant in complete operation under the franchise to supply gas to the inhabitants of the city within twenty-four months from the date of their acceptance of the ordinance, and to that end to begin work within three months from the date of the ordinance. Section 9 of the ordinance required the grantees to also file a bond in the sum of $1,000 and payable to the city of Marshall, conditioned that work on their plans to supply the city with gas be commenced within three months after the bond was filed and that they have a plant in complete operation within two years after the bond was filed. This section required the bond to be approved by the city council of the city of Marshall, and provided that it would be null and void upon the compliance with its terms, "but upon failure to comply with these conditions the penalty of said bond shall be considered liquidated damages." The original grantees, Breathwit and Elmore, in compliance with the ordinance, filed their acceptance on April 26, 1906, and on the same day also filed their bond in terms of the ordinance and with surety, which was accepted by the city. On May 15, 1906, Breathwit and Elmore began the work, in compliance with the terms of the ordinance. On June 2, 1906, Breathwit and Elmore assigned and transferred, for a valuable consideration, unto W. S. and J. W. Adkins, and appellees purchased their rights and privileges in the

franchise; and appellees agreed to assume and perform the conditions of the franchise and the bond, and to carry out the terms and provisions thereof.   On April 26, 1908, the appellees had not piped, or caused to be piped, gas into the city of Marshall, and were not in a position to supply the same to the public for use.   The city attorney, claiming a failure in the performance of the terms of the bond to provide gas to the city within the two years required, made a demand on the appellees for payment of the amount of the bond. Appellees then, on June 9, 1908, appeared before the city council and asked an extension of time for one year longer for the performance of the conditions of the obligation.   The city council in session passed a resolution extending the time to appellees to carry out and fulfill the obligation to have gas in the city of Marshall within two years, for a period of twelve months longer from April 26, 1908, provided the appellees execute a new bond in the sum provided and obligated to be paid by the ordinance and the original grantees and assumed by appellees.   On August 24, 1908, appellees executed the new bond with the Bond Guaranty Company as surety, and on September 22, 1908, the city council in session approved and accepted the bond, and on motion entered in the minutes the following: "The time within which the provisions of the ordinance granting a gas and oil franchise to J. L. Breathwit and R. D. Elmore on March 27, 1906, may be carried out and fulfilled by their successors, W. S. and J. W. Adkins, was extended twelve months from April 26, 1908." The trial court made the finding, and it is without conflict in the evidence, that the appellees failed to bring gas within or to the city within the twelve months provided by the bond, and that the conditions in the bond had failed in performance.   The bond reads: "State of Texas, County of Harrison.   Know all men by these presents, That Whereas heretofore on to wit the 27 of March, 1906, the Board of Aldermen of the City of Marshall passed and adopted an ordinance granting to J. L. Breathwit and R. D. Elmore, their successors and assigns, a gas franchise in said city, as fully set out in said ordinance as recorded in Ordinance Book 1 in the office of the City Secretary of the City of Marshall which is here referred to.   And Whereas by section 9 thereof the said J. L. Breathwit and R. D. Elmore were required to make bond in the sum of $1,000 with some bonding corporation authorized to do business in the State of Texas as surety thereon, and payable to the City of Marshall.   And Whereas the said J. L. Breathwit and R. D. Elmore did file with the City Secretary their written acceptance of the provisions of said ordinance on the 26th of April, 1906, and thereafter the said J. L. Breathwit and R. D. Elmore transferred and assigned to J. W. Adkins and W. S. Adkins of Shreveport, Louisiana, all their rights, title and interest in and to the said franchise, who undertook to comply with the conditions thereof, and that the said franchise and the bond given by the said Breathwit and Elmore having expired the said J. W. Adkins and W. S. Adkins having applied to the City Council for a renewal or extension of the said franchise, and the same having been granted by the city council of the City of Marshall upon the said application; Now There-

fore we, J. W. Adkins and W. S. Adkins as principals, and Bond Guaranty Company of Dallas as surety, acknowledge ourselves bound to the City of Marshall in the sum of $1,000.00 conditioned that the said J. W. and W. S. Adkins, their successors and assigns, shall within 12 months from and after the 26th of April, 1908, and on or before the 26th of April, 1909, have gas piped into the City of Marshall and be in a position to supply the same to the public and to the City of Marshall for general use and consumption. This bond is given as a consideration for the extension of a gas franchise, and shall be due and payable in the City of Marshall, Texas, at the office of the City Secretary, on the 26th of April, 1909, unless gas shall have been supplied to the City of Marshall as above provided for." 'The bond is dated August 24, 1908, and is signed by the principals and surety, appellees herein.

The action was brought by the city against the principals and surety on the above bond for the sum of $1,000, alleging the failure and nonperformance of the conditions of the bond. The petition also claimed $100 as attorney's fees, but appellant does not urge a recovery for the same. The principals and surety on the bond answered by general denial and plead that the bond was without consideration to support it and executed under a mistake of fact. The trial was before the court without a jury, and judgment was entered for appellees.

*After stating the case.*—The appellant made the Republic Guaranty & Surety Company a party to the suit upon the simple allegation that it "has in some way, unknown to the plaintiff, undertaken to satisfy and protect the obligations and contracts and to aid in the performance and carrying out of the contracts." There is no pleading on the part of any of the parties to this action claiming liability, and the evidence does not show any right existing to recover against this named company; and the judgment of the court in its favor was correct. Thus eliminating this company from further consideration, the petition can be regarded only as suing to recover on the bond given by Adkins Brothers and their surety, the Bond Guaranty Company. It is the office of a supplemental petition to set up matters in answer to the defendant's answer, and, as against exception, can be considered only in such purpose. Whatever matters were set up in appellant's supplemental petition are therefore regarded, as they should be, as defense only to appellee's answer.

By assignment of error the appellant challenges the judgment of the court in denial of a recovery to it on the bond given by appellees Adkins and their surety, the Bond Guaranty Company. The court made the finding that the bond was valid and upon sufficient consideration, and that appellees had failed to perform its condition to have gas piped into the city of Marshall and be in a position to supply the same to the public and the city for general use and consumption within twelve months from April 26, 1908. But the court construed the bond as being intended by the parties to secure the city in payment of such actual damages as it might sustain by reason of its breach, and not providing for liquidated damages. As

the city failed to prove the extent or amount of its actual damages, the court entered judgment for the appellees. The question presented by the assignments of error is, whether the sum named in the bond in suit is a penalty or whether it is liquidated damages. The appellant claims that it must be treated as liquidated damages, while the appellees maintain that it is strictly a penalty, and that although its breach may have been shown, the appellant can not recover, at least more than nominal damages, because it has not shown the amount of damages resulting from such breach. The law on the subject of liquidated damages and penalties has received much consideration at the hands of the courts, and it would serve no useful purpose here to review the rules respecting the same. Tested by the general principles of the law as to whether a sum named will be treated as liquidated damages or in the light of a penalty, we think the instant bond should properly be construed as coming within that class of obligations in which the courts have usually held the sum specified in the bond as liquidated damages, and not as a 'mere penalty. The undertaking of the appellees, as expressly stated and agreed, was to comply with the condition of the ordinance granting a gas franchise and the bond of their grantors, Breathwit and Elmore. The ordinance required of Breathwit and Elmore, and they so obligated themselves by bond, that they begin work within three months from the date of the ordinance, and have a gas plant in complete operation in the city of Marshall to supply the city and its inhabitants with gas within two years from the date of the filing of their bond. It was provided by ordinance that "upon failure to comply with these conditions the penalty of said bond shall be considered liquidated damages." Appellees purchased the rights of Breathwit and Elmore, and became owners of the franchise on June 2, 1906, which was long before the two years required by the ordinance to have the gas plant in operation had expired. The obligation of appellees to the city recites that appellees appeared before the city council and asked an extension of the time required in the first instance to have the plant in operation for another twelve months from April 26, 1908, and it was granted upon condition that the bond in suit be executed, which was done by appellees. The bond expressly recites that section 9 of the ordinance required of Breathwit and Elmore a bond in the sum of $1,000, and that Breathwit and Elmore had accepted the franchise in the terms of the ordinance and transferred and assigned to appellees all their interest in the franchise, and that appellees "undertook to comply with the conditions thereof." The obligation is to pay the city of Marshall at Marshall, Texas, the sum of $1,000, conditioned that appellees and their successors and assigns "shall within twelve months from and after April 26, 1908, and on and before April 26, 1909, have gas piped into the city of Marshall and be in a position to supply the same to the public and to the city of Marshall for general use and consumption." It further recites that this bond "shall be due and payable in the city of Marshall, Texas, at the office of the city secretary on April 26, 1909, unless gas shall have been supplied to the city·of Marshall as above provided for." In the first place, it is

seen, the bond is given to insure the performance of a single event, to have gas piped into the city limits and have the plant in position to supply gas to the inhabitants of the city within twelve months from April 26, 1908. If the agreement be breached the damages suffered were, it must have been understood by the parties, in their very nature uncertain and the amount indeterminate. The sum specified is of force in considering it a stipulated amount for recovery. In the second place, it is seen, the bond recognizes and refers to section 9 of the ordinance, which provides that the sum named "shall be considered liquidated damages." Plainly, the parties had in mind, and intended when the bond was drawn, that the sum named to insure the furnishing of a gas plant which would supply the inhabitants of the city and the city with gas was to provide for liquidated damages for the breach. This import of the intention of the parties is significant, and not overborne by language of the bond that it "shall be due and payable" on April 26, 1909, unless gas shall have been supplied within that time. Such language, in connection with the further known fact that damages for the breach would be not readily· ascertainable or insignificant, reasonably demonstrates the intent of the parties that the entire sum would "be due and payable" on the specific date mentioned. It could not reasonably be argued that, in the circumstances, a provision that a fixed amount shall be due and payable at a particular place and on a precise date does not sound the intention of the parties as practically executing a promissory note for that amount. The case clearly, we think, falls within the rule that where the obligation is of such a nature that the· damages caused by its breach would be uncertain and can not be calculated by any precise legal standard or market value the sum named by the parties is generally held to be liquidated damages, if the language of the obligation is not unfavorable to that construction and the magnitude of the sum does not forbid it. 1 Sutherland on Dam., sec. 290; 2 Page on Contracts, sec. 1175; 2 Greenleaf on Ev., sec. 259. On this theory covenants to pay fixed sums on breach of obligations to furnish public utilities to cities have been determined to be covenants for liquidated damages. Malone v. Philadelphia, 147 Pa., 416, 23 Atl., 628; Wilson v. Jonesboro, 57 Ark., 168; 20 S. W., 1093. See Clark v. Barnard, 108 U. S., 436, 27 L. Ed., 780. Cases of penal bonds between private persons, where the damages are readily ascertainable, have no application to the instant case. A city in its corporate capacity engaging for the establishment and maintainance by a private person or corporation, of gas, or electric lights, or waterworks or other like public utilities, does so in the performance of its public functions and for the purpose of promoting the convenience of its inhabitants. It is an agency in the government of the citizens within its territory, and acts for the public, and has no private interests. And when a private person who has entered into an obligation with the city to construct and put in operation a public utility within a given time, as in the instant suit, fails to comply with the obligation in that regard, the city, in its corporate capacity, does not suffer any loss or damage capable of judicial ascertainment. Nor are the incon-

venience and loss suffered by the public, on whose behalf and for whose benefit the franchise was granted and the obligation made, capable of ascertainment. Such loss and damage by the public would be too conjectural and speculative to be made the basis of recovery in such cases. To stipulate for a fixed sum as liquidated damages for breach of the undertaking is the only method by which the city, in such undertaking, can obtain anything like adequate compensation for the loss sustained by the public by the breach of such obligation. The sum forfeited as liquidated damages goes into the treasury and inures to the benefit of the public. In this case the city, under a franchise granted to appellees, was coercing the completion and operation of a gas plant for the benefit of its inhabitants, and it must be so held even though by the franchise, as a part of the consideration, the city hall and jail were to be furnished gas free. Having fixed stipulated damages for the breach, and the breach occurring, as it did, the court erred in not rendering judgment for such amount for appellant.

As appellant in its petition did not seek a recovery for the breach of the conditions of the bond of Breathwit and Elmore, whose obligation the appellees succeeded to, by assignment, the argument of appellees in that respect is not necessary to be here discussed as immaterial and not affecting the construction of the bond sued on. The giving of the new bond sued on required its particular condition to be performed, and the parties so understood and contemplated; and that there was a breach thereof is undisputed.

The appellees make answer in the brief to the appellant's assignments, that the bond sued on is without consideration to support it. The court made the finding, and it is undisputed in the evidence, that the appellees executed the bond sued on in consideration of the extension of time to appellees to carry out and fulfill their obligation to have gas in the city of Marshall for a period of twelve months longer. It is admitted that appellees had assumed to carry out the obligation of Breathwit and Elmore to the city, which was to have a gas plant in operation in the city of Marshall within two years. This agreement at the time of the execution of the bond of appellees was not carried out, and the time lacked about four days of having expired. The right gained to appellees was the extension of the time of performance of the agreement assumed. By extending the time of performance the city yielded a privilege which was valuable in law. The time being extended to a fixed time by the city, and agreed to by appellees, would not have permitted the city to enforce the collection of any liability on the obligation assumed before the time expired in which it was due by the terms of the new bond. If the city had sought to do so their suit would have been held premature when such defense was presented. Extension of time of performance of an agreement is a valuable consideration supporting a new obligation. Watts v. Cornor, 8 Texas Civ. App., 588, 27 S. W., 1087. The city council had the power to make the extension of time of performance, and it is immaterial to the validity of the act that the two years agreed to in the first instance had not expired at the time of the making of the new bond by four days.

Judgment is here rendered for appellant against the appellees Adkins and the Bond Guaranty Company for the sum of $1,000 with all costs of appeal and the court below, and for that sum and costs in favor of the Bond Guaranty Company on its cross-action against the appellees Adkins. The judgment as to the Republic Guaranty & Surety Company is affirmed with all costs incurred by it against appellant.

*Reversed and rendered.*

Application for writ of error dismissed.