**SANDERS NURSERY CO., Inc., v. J. C. ENGELMAN, Inc.**

**No. 9176.**

Court of Civil Appeals of Texas. San Antonio.

Nov. 22, 1933.

Rehearing Denied Dec. 20, 1933.

Greenwood & Lewis, of Harlingen, for plaintiff in error.

Sawnie Smith, of San Antonio, and Kennedy Smith, of Edinburg, for defendant in error.

FLY, Chief Justice.

This action was filed by plaintiff in error, who will be designated as plaintiff, against defendant in error, who will be called defendant, for a balance of $15,434 alleged to be due on a certain contract by which plaintiff bound itself to deliver to defendant, in Hidalgo county, 50,000 citrus fruit trees. A breach on the part of the defendant was alleged by plaintiff, after a portion of the trees had been delivered and accepted by defendant.

The cause was tried without the assistance of a jury and judgment rendered that the plaintiff take nothing by its suit.

At a former day of this court the statement of facts sent up by plaintiff was stricken from the record, as evidenced by a written opinion delivered through Associate Justice Murray, 59 S.W.(2d) 954. It follows that the findings of fact of the trial judge must be considered as the facts placed in evidence in the trial of the cause.

The findings of fact are as follows:

"1. Upon the dates set forth in plaintiff's petition, the written contracts therein de-

scribed were duly executed by plaintiff and defendant.

"2. At the execution of the contract herein sued upon, being dated August 15, A. D. 1929, and providing for the delivery of Five Thousand ($5,000.00) Dollars in securities in escrow to the First National Bank of La Feria, Texas, both plaintiff and defendant intended and agreed that the amount so to be escrowed should be treated and considered as liquidated damages for breach of the contract and not as a penalty.

"3. Instead of depositing Five Thousand ($5,000.00) Dollars in securities in escrow as in said contract provided for, by agreement of the parties the sum of Three Thousand ($3,000.00) Dollars in cash was paid over to plaintiff by defendant, said Three Thousand ($3,000.00) Dollars in cash taking the place of Five Thousand ($5,000.00) Dollars in securities and governed by the same terms and conditions.

"4. After the contract herein sued upon had been partially performed by the delivery of Thirty-one Thousand Three Hundred (31,-300) citrus trees and the extension of time in which the balance of, to-wit, Eighteen Thousand Seven Hundred (18,700) trees was to be delivered, the amount of liquidated damages was, on the 1st day of June, A. D. 1931, by agreement of the parties, reduced to Fifteen Hundred ($1500.00) Dollars.

"5. The sum of Three Thousand ($3,000.00) Dollars agreed upon by and between the parties as liquidated damages for breach of contract was reasonable when taken in connection with the actual damages that could reasonably have been anticipated at the time the contract was made, to flow from a breach of the contract to deliver the trees; and the agreement to reduce the amount of the liquidated damages to Fifteen Hundred ($1500.-00) Dollars, after a major portion of the trees had been delivered, was reasonable when taken in connection with the actual damages, which could, at the time of such reduction, have been reasonably anticipated to flow from a breach of the contract to deliver the remainder of the trees.

"6. The said contract was breached by defendant as alleged by plaintiff.

"7. Said Three Thousand ($3,000.00) Dollars has been retained by the plaintiff and the plaintiff has had the same in its possession since the execution of said contract, and the breach thereof.

"8. No facts were introduced at the trial of said cause from which the correct measure of damages could be discovered."

A large portion of plaintiff's brief is devoted to the contention that the $5,000 worth of securities named in the contract as liquidated damages constituted a penalty and not liquidated damages.

It may be said in this connection that intention of the parties is one of the chief modes of determining the character of deposit, and whether it is liquidated damages or a penalty. Of course, if the other circumstances show a deposit denominated liquidated damages had the characteristics of a penalty, rather than liquidated damages, the mere statement of the parties that the deposit was liquidated damages would not necessarily attach that character to it. But when it is stated in the contract that the deposit is liquidated damages, and the other circumstances tend to impress that character upon it, the intention evidenced by the description in the contract would prevail. In this case, in addition to the statement in the contract that the deposit was intended as liquidated damages, the findings of the district judge that such deposit was liquidated damages strengthened and supplemented the recital in the contract. There being no statement of facts, the finding of the judge as to the character of the deposit will be presumed to be supported and sustained by the facts in the case, and this court will necessarily hold that the deposit was not a penalty but liquidated damages. If this were not the case, however, the pleadings of the plaintiff have destroyed any effects that might be gained for the plaintiff by establishing that the $5,000 was intended as a penalty, because it was fully pleaded that the arrangement in regard to the securities in the sum of $5,000 was displaced and set aside by a subsequent agreement between the parties that the securities should be returned and an advance of $3,000 in cash be made on the purchase price in lieu of such securities.

All of the propositions in regard to the $5,000 being in the nature of a penalty are overruled.

The propositions relating to the refusal of the court to admit certain testimony are not backed by a statement of facts from which it could be ascertained that the testimony was pertinent or applicable, or that it would have had any effect on any issue in the case. The presumption is that the facts sustained the action of the district judge in denying the presentation of the facts desired. It follows that the propositions in regard to the rejection of testimony offered by plaintiff must be and are overruled.

The position of this court as to the intention of the parties in regard to fixing the character of a deposit as a penalty or liquidated damages is fully sustained in the case of Durst v. Swift, 11 Tex. 273, and a long line of Texas cases which have followed the rulings in that case.

We sum up our position in regard to the deposit as follows: There being no statement of facts, the findings of fact of the trial judge as to the nature and character of the deposit

must be sustained by this court, and even if that were not the rule, the plaintiff, in his pleadings, has abandoned all claims to the effect that the $5,000 was intended as a penalty and not as liquidated damages.

The judgment will be affirmed.