**SANDERS NURSERY CO., Inc., v. J. C. ENGELMAN, Inc.**

No. 9176.

Court of Civil Appeals of Texas. San Antonio.

Sept. 8, 1937.

Rehearing Denied Nov. 17, 1937.

Greenwood & Lewis, of Harlingen, for plaintiff in error.

Sawnie Smith and Kennedy Smith, both of Edinburg, for defendant in error.

SLATTON, Justice.

Plaintiff in error, Sanders Nursery Company, Inc., filed this suit against J. C. Engelman, Inc., defendant in error, in the Ninety-Third district court of Hidalgo county, to recover actual damages for the alleged breach of a contract to sell and purchase nursery stock. The trial was to the court without the intervention of a jury, and at the close of the evidence the trial court sustained an exception of the defendant in error to the trial pleadings of the plaintiff in error and rendered judgment that the plaintiff in error take nothing and pay all costs.

Findings of fact and conclusions of law were filed by the trial court at the request of plaintiff in error. Plaintiff in error, being dissatisfied with the judgment of the trial court, brought the case here by writ of error. This court, upon motion by defendant in error, struck out the statement of facts, 59 S.W.(2d) 954, and affirmed the judgment of the trial court without consideration of the statement of facts, 66 S. W.(2d) 509. Writ of error was granted by the Supreme Court, and the action of this court in striking the statement of facts was held erroneous, and the cause was remanded to this court for decision with the state-

ment of facts in the record. (Tex.Com. App.) 96 S.W.(2d) 68, 69.

The main point at issue between the parties to this appeal is the construction of the following provision of the contract sued upon: "It is further understood and agreed that purchaser shall and will, within fifteen days from date, place in the First National Bank of La Feria, Texas, vendor's lien notes and other good, acceptable securities, to the value of $5,000.00, to there remain in escrow until the consummation of this contract, unless and until purchaser fails in anywise in his part of this contract. Upon such failure on the part of purchaser to carry out the terms of this contract, the said $5,000.00 in securities shall be paid over to the seller as liquidated damages. Upon the consummation of this contract without failure, as above mentioned, on the part of purchaser, the said securities shall be returned to purchaser. The above mentioned $5,000.00 in vendor's lien notes and/or other good and acceptable securities shall in no wise be considered as collateral on any promissory notes or payments herein mentioned. Purchaser shall have the privilege of substituting above mentioned securities and when it deems it necessary, providing, however, such securities are acceptable."

Plaintiff in error alleged that this provision of the contract sued upon had been modified and amended by the parties to be the payment on the part of defendant in error to the plaintiff in error of the sum of $3,000 in cash, in lieu of the $5,000 in securities, and that after a part performance of the contract between the parties, that the sum of $3,000 in cash was diminished to the sum of $1,500.

We are therefore called upon to determine whether or not the trial court erred in sustaining the special exception of defendant in error, which was directed to the second amended original petition of plaintiff in error, on the ground that such pleading and the contract exhibited to the pleading showed on their face to be liquidated damages, as distinguished from a penalty, and whether or not the trial court erred in denying any recovery to the plaintiff in error on the pleadings and proof, as shown by the record.

■ The rules to be applied by the courts to contracts as here under review are easy of statement. The difficulty occurs in the proper application of such rules. In the construction of contracts having provision for a "penalty" or "liquidated damages" in case of a breach, the courts generally look to the contract and surrounding circumstances to find the real intention of the parties. The amount stated in such provisions, whether a "penalty" or "liquidated," is not dependent on the fact that the parties have used the terms "penalty" or "liquidated" in the contract. Santa Fe R. Company v. Schutz, 37 Tex.Civ.App. 14, 83 S.W. 39; Collier v. Betterton, 87 Tex. 440, 29 S.W. 467, 468; Cowart v. Connally & Co. (Tex.Civ.App.) 108 S. W. 973. The inclination of the court is to construe the amount named as a penalty, unless the evident intention of the parties clearly appears to the contrary, Eakin v. Scott, 70 Tex. 442, 444, 7 S.W. 777; and the courts seem to have placed the burden upon the party claiming it to be liquidated to show that such was the intention of the parties, Farrar v. Beeman, 63 Tex. 175, 180; and that, where doubt appears, it will be resolved in favor of a penalty, Kellam et al. v. Hampton, 58 Tex.Civ.App. 484, 124 S.W. 970.

■ Where the damages for the breach of a contract are uncertain and difficult of proof under the established rules of law, the court will infer that the parties intended the sum named to be liquidated damages. Durst v. Swift, 11 Tex. 273, 281; Indianola v. Gulf Railroad Co., 56 Tex. 594, 606; Harris County v. Donaldson, 20 Tex.Civ.App. 9, 48 S.W. 791; City of Marshall v. Adkins, 60 Tex.Civ.App. 336, 127 S.W. 1148, 1151. On the other hand, where the damages are easily ascertained under the ordinary rules of law, the sum named will be declared a penalty, unless a contrary intention clearly appears. Eakin v. Scott, supra. Where the amount stated as "liquidated" is out of proportion to the actual damages sustained, the court will consider the contract and the surrounding circumstances and generally declare the amount named to be a penalty. Collier v. Betterton, supra; Jennings v. Willer (Tex. Civ.App.) 32 S.W. 24, 27. Where the amount named is out of proportion to the actual damages, that is, where the actual damages clearly exceed the amount named, the court will look to the contract and surrounding circumstances and generally construe the amount named to be a penalty. A recovery for actual damages will be allowed, although such damages exceed the penalty named. Palestine Ice Co. v. Connally & Co. (Tex.Civ.App.) 148 S.W. 1109

(writ refused). And, where the language of the contract, considered in connection with the surrounding circumstances, would be construed by the court to be liquidated in the event of a total breach, will be declared to be a penalty in the event of a partial breach. Farrar v. Beeman, supra.

According to the pleadings and the proof tendered by the plaintiff in error in the case before us, there was a complete refusal on the part of the defendant in error to accept delivery and pay for 18,700 trees at the contract price of 90 cents per tree. According to the allegations and proof, at the time specified for delivery of such trees there was no market price for such trees and the same could not be sold for any price.

The plaintiff in error's actual damage appears to us to be easily ascertained under the well-established rules of law. The sum of $1,500, according to the contract, was for the faithful performance of all of the terms of the contract by the defendant in error. One of the provisions of the contract required the defendant in error, during the delivery period, to receive not less than 1,000 trees in any one day and not more than 1,800 trees in any one day. Under the quoted provision of the contract, the defendant in error could have only accepted the delivery in any one day of 900 trees, and, if the sum of $1,500 was construed as liquidated damages, such sum could have been recovered by the plaintiff in error. In this situation, it seems clear to us that the sum of $1,500 named in the contract, taking into consideration the four corners of the contract and the circumstances surrounding the parties at the time of making the contract, was clearly intended by the parties to be a "penalty," to insure the performance of all of the terms of the contract on the part of the defendant in error, notwithstanding the fact that it was designated as "liquidated."

Had the defendant in error failed and refused to accept delivery of only 100 trees of the total of 18,700 trees, the actual damages accruing to the plaintiff in error, under the record before us, would have been much less than the sum stated in the contract. This, we believe, would have been out of proportion to the sum of $1,500, and clearly, under the authorities, the courts would construe the contract, under the surrounding circumstances, to have provided for a penalty. Then, too, plaintiff in error alleged, and tendered proof in support thereof, that at the time the contract was made the parties knew that the production of nursery stock, which was the subject matter of the contract, had to be initiated within one year or more previous to the delivery date of such nursery stock, and the cost of producing such stock was approximately 50 cents per tree; also that nursery stock is highly perishable and periodically the market fluctuates and such stock becomes of little or no value; and in consideration of these facts the contract price at the time of the contract was by the parties made less than the wholesale price to the extent of 35 cents per tree.

We think these matters were relevant on the issue of whether the parties to the contract intended the sum stated as liquidated damages or as a penalty. Applying the above-quoted rules to the contract under review, and considering the facts and circumstances surrounding the parties at the time the contract was made, we are of the opinion that the trial court committed reversible error in sustaining defendant in error's special exceptions and in rendering judgment that plaintiff in error take nothing. In the case of Palestine Ice Company v. Connally & Co., supra, in which a writ of error was denied, a recovery was allowed for more than the penalty named on the proof that such sum was the amount of actual damages sustained, notwithstanding the fact that in the wording of the contract the parties used express language in attempting to provide for liquidated damages instead of a penalty. We can see no difference in the application of the law in that case and in the application we are making here.

In view of the fact that the case was tried by the trial court upon an erroneous theory of law and that material evidence tendered by the plaintiff in error was excluded, and for the errors pointed out, this cause will be reversed and remanded for another trial. It is so ordered.