### J. A. LINDSEY ET AL. V. ROCKWALL COUNTY.

#### No. 682.

**Liquidated Damages—Penalty.**—Where an advertisement for bids for erecting a court house required each bid to be accompanied by a check for a stated amount of money, "as a guaranty of good faith that the bidder, in case his bid is accepted, will enter into contract and bond," and such amount was deposited by one whose bid was accepted, but who failed to enter into contract and bond, the sum so deposited is not liquidated damages, but a penalty, and the bidder is liable only for the amount of the actual damages occasioned by his failure.

APPEAL from the County Court of Rockwall.    Tried below before Hon. I. J. AUSTIN.

*R. E. Chandler* and *L. D. Stroud,* for appellants.

*Hartman & Foree,* for appellee.

RAINEY, ASSOCIATE JUSTICE.—By virtue of an order of the Commissioners Court of Rockwall County, the county judge advertised for bids to build a court house, requiring that each bid "must be accompanied by a certified check for $500 as a guarantee of good faith that the bidder, in case his bid is accepted, will enter into contract and bond to build a court house according to plans and specifications on file in my office." The plaintiffs filed a bid and deposited their check in accordance with said advertisement, and their bid was accepted by the Commissioners Court, but they failed to enter into a contract and execute a bond within a reasonable time, whereupon the Commissioners Court appropriated their check to the benefit of the county. The plaintiffs sued to recover the value of the check.

On the trial, the court left it to the jury to determine whether or not the check for $500 was intended as a penalty or as liquidated damages in event there was a failure to enter into contract and bond on the part of plaintiffs, and the jury held, in effect, by their verdict, that plaintiffs had forfeited the whole amount.   This was error.   The only agreement by which plaintiffs were bound was an implied one created by the filing of their bid and check, as required by the advertisement.   By the terms of that contract the plaintiffs did not absolutely forfeit the amount of the check upon failure to enter into contract and bond, but by such failure they only became liable for such actual damages as the county sustained by reason of their failure.

The actual damages sustained by the county, as shown by the evidence, does not amount to near as much as the amount of the check; and the judgment, therefore, is not supported by the evidence; and the same is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 6, 1895.