### DAVIS v. WAGNER. (No. 6661.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 11, 1922. Rehearing Denied Feb. 15, 1922.)

**1. Trial ⬤⇒143—Where facts disputed, error to direct verdict.**

Where there was testimony pro and con on a question of fact, court may not take the case from the jury and direct a verdict.

**2. Appeal and error ⬤⇒1064(1)—Charge on burden of proof held not substantially harmful.**

In an action to recover a deposit paid on the purchase price of real estate, where the court charged that the burden of proof was on plaintiff to prove by the preponderance of evidence every material allegation of his petition and his right to recover, and likewise placed on defendant the same burden in his cross-action, the charge was not substantially harmful.

**3. Trial ⬤⇒255(12)—Where charge does not reflect issues, duty of opposite party to submit correct ones.**

Where, in an action to recover a deposit paid on a contract to purchase seven acres of land, the contract was not definite as to description, and required proof to locate, and there was testimony pro and con as to where the seven acres was situated, so as to define

what land was pointed out as sold, being a material issue, it should have been submitted with proper instructions, and, if the charge did not reflect the issue to be settled, it was the duty of the opposite party to submit correct ones.

**4. Damages ⬤⇒78(6)—Earnest money held a penalty standing as security to compensate vendor's damage for breach.**

Where a contract to purchase property required a payment as earnest money showing good faith, the payment was not subject to be condemned and treated as liquidated damages by way of settlement of all damages that inured to the vendor for the purchaser's breach, but must be treated as a penalty to stand as security to compensate for damages so far as it would go towards the loss occurring by reason of the breach.

**5. Damages ⬤⇒78(6)—Charge that if purchaser breached contract to purchase vendor could not retain earnest money, but only so much as he was damaged, substantially states the law.**

In an action to recover $500 earnest money deposited on a contract to purchase land, a charge that if plaintiff breached the contract in the purchase of the land for which he contracted defendant could not retain the $500 but could retain only so much as might be shown from the evidence he had been damaged, was a substantial statement of the law.

**6. Specific performance ⬤⇒7—Purchaser's suit for return of earnest money and vendor's answer held abandonment of demand for specific performance.**

The purchaser under a contract for real estate by filing suit for return of earnest money paid and the vendor by answer abandoned any demand for specific performance of the contract.

Appeal from Bexar County Court; John H. Clark, Judge.

Action by T. J. Davis against H. Wagner, Jr. From judgment for defendant, plaintiff appeals. Reversed and remanded.

Ingrum, Smith & Gulley, of San Antonio, for appellant.

George Powell, of San Antonio, for appellee.

COBBS, J. Appellant brought this suit to recover of appellee $500 received by appellee as earnest money on a contract for the purchase of seven acres of land which, it is alleged the appellee refused to convey to him as contracted for and as pointed out on the ground.

The contract upon which the suit is brought is to convey "7 acres of land, more or less, together with all improvements thereon; said tract of land being about 4 miles east of San Antonio, and located on the Gonzales road," and, among other things, further provides that H. Wagner, Jr., first party, "agrees and obligates himself to furnish (T.

J. Davis) party of the second part, a good and merchantable title to the said tract of land. * * * Deal is to be consummated as soon as all papers have been approved by attorney of party of second part. Party of second part agrees to put up check for $500 as earnest money showing good faith."

Appellant pleaded the land actually contracted for was all of block No. 1, section 4. Also pleaded that appellee failed to furnish an abstract covering lots 5 and 18 of block No. 1, section 4, and failed to furnish a good merchantable title to the lands contracted for. From the abstract furnished covering lots 5 and 18 it was so indefinite and uncertain as to render it impossible to determine what portion or how much was shown or could be identified by the abstract. That appellee refused to comply with his contract, or upon demand to return the earnest money paid.

Appellee answered that the lands contracted for was block No. 1, section 4, excepting portions of lots 5 and 18 in section 1, conveyed by Emelia Elmendorf to Max Meusebach; that he complied with his obligation to and did furnish an abstract showing a good merchantable title, and was still ready and willing to convey the property, and appellant refused to accept the same; that the $500 was put up as liquidated damages, and forfeited because appellant breached his contract. He also pleaded for damages because the appellant refused to take the land, and for loss of rent.

The case was tried before the court with a jury. Only one special issue was submitted, to wit:

"Did the defendant through his agents represent to the plaintiff in locating the land on the ground that he would get the land which covered all of block 1 including lots 5 and 18, and did the plaintiff rely on said representations, and was thereby induced to enter into the written contract in evidence? Answer Yes or No."

To this question the jury answered, "No." Upon this answer the court rendered a judgment in favor of appellee, that appellant take nothing by the suit.

[1] As we understand appellant's first assignment of error and question raised is that appellee failed to furnish an abstract showing what portions of lots 5 and 18 he agreed to convey, and what portions of lots 5 and 18 he agreed to convey included in the deed from Emelia Elmendorf to Max Meusebach, and that appellee wholly failed to comply with his contract, and the court should have instructed the jury to return a verdict of $500 for appellant. That could not be done, for it was a question of fact as to whether the abstract embraced the particular land appellant claims to have been embraced within the land covered by the abstract. So the first part of this proposition raises a question of fact, peculiarly an issue to be determined

in the trial court. We find no request for the submission of such an issue by appellant to the jury, and the assignment is overruled. Besides the issue was embraced in the question submitted to the jury in the court's charge. This proposition discussed is embraced under the first assignment, which is a complaint that the court erred in refusing the requested peremptory charge submitted by the plaintiff on the ground that defendant failed to furnish an abstract of title to those portions of lots 5 and 18 included in the sale.

The second assignment for the same reason assigns as error the court's refusal to give a peremptory instruction because defendant failed to furnish a merchantable title to portions of lots 5 and 18.

The third complains that the court erred in refusing to give the peremptory instruction, because the defendant failed to furnish a merchantable title satisfactory to the attorney for the plaintiff.

The fourth complains that the court erred in not giving a peremptory instruction because the defendant refused to furnish a merchantable title to all the property included in the contract.

The fifth claims that the court erred in refusing to give the peremptory charge because defendant failed to show the land included in the contract to be conveyed.

The sixth complains that the abstract showed existing unreleased liens, and the court should have instructed a verdict for that reason.

These assignments all raise questions of fact never submitted to the jury for finding upon any issue requested by appellant, and all raise issues in which there was testimony pro and con. It would have been error for the court to take the case from the jury and direct a verdict on disputed facts. An abstract was furnished by appellee to appellant. The deal was to be consummated as soon as all papers have been approved by attorney of appellant. There is no issue raised that the attorney ever refused to approve title or called for further information. Apparently the appellant's own attorney was made the arbitrator to approve or disprove the title. Until that was done by appellant's own attorney, it does not lie in his mouth to raise the questions here presented that, because no evidence is presented that the attorney for appellant ever approved the title, the judgment should be for appellant. The foregoing assignments are overruled.

[2] The seventh assignment complains that it was error to charge the jury that the burden of proof was upon the plaintiff to prove by the preponderance of the evidence every material allegation in his petition and his right to recover thereon, because the burden was greater than the law required.

The court likewise charged the jury the burden of proof was on the defendant to prove by a preponderance of the evidence

every material allegation in his cross-action and his right to recover thereon. We think the charge of the court is substantially correct, and places the burden of proof and the preponderance of the evidence where it properly belonged, and this assignment is overruled. At least, no substantial harm was done thereby.

[3] While the contract purports to convey seven acres of land more or less, including improvements, four miles east of San Antonio, on the Gonzales road, it is not definite as to description, and necessarily requires proof to locate. There was testimony pro and con as to where the seven acres were situated so as to define what land was pointed out as sold and to be described so as to determine it from any other land four miles east from San Antonio on the Gonzales road. This being a material issue, it should have been submitted with a proper instruction by the court. In this state of the record appellant never requested the court to give any special charge to the jury that would enable them to locate the land sold, but in several special charges such as that the defendant was required to convey approximately the quantity of the land pointed out to plaintiff upon the ground, and if "you find from the evidence that defendant failed and refused to convey the land pointed out by defendant or his agent to plaintiff, you will find for plaintiff for the $500 earnest money sued for."

If the charge did not, as it seems not to have done, reflect the issues to be settled in the case, it was the duty of the opposite party to prepare and submit correct ones.

[4] It was shown there was an existing unsatisfied lien upon said property, but the title was not turned down for that either by appellant's attorney or himself. That of course would render the title unmerchantable, if objection to the title had been urged on that ground, but it was not. Appellee says he was prepared to extinguish it upon consummation of the deal. The contract required a check to be put up as earnest money showing good faith. This, therefore, is not subject to be condemned and treated as liquidated damages by way of the settlement of all damages that may inure to appellee by reason of appellant's breach. Not so at all. It must be treated as a penalty and stand as a pledge and security to compensate for damages so far as it will go towards the loss occurring by reason of the breach. Hough v. Fink, 141 S. W. 151; Lindsey v. County, 10 Tex. Civ. App. 225, 30 S. W. 380; Monroe v. South, 64 S. W. 1014; McMillan v. Bank, 56 Tex. Civ. App. 45, 119 S. W. 709; Kellam v. Hampton, 58 Tex. Civ. App. 484, 124 S. W. 970; Stidham v. Laurie, 133 S. W. 1082.

[5] Appellant requested the court to charge the jury, if plaintiff breached the contract in the purchase of the land for which he contracted defendant cannot retain the $500, but can retain only so much as may be shown from the evidence he has been damaged. This charge is a substantial statement of the law. Appellee in his counter proposition seems to admit this, for he says:

"The trial court in its judgment did not render judgment for appellee giving him the $500, but merely denied to the appellant the right to recover where the jury decided him to be wrong in his claim, and the court followed the verdict of the jury, and appellee's plea of willingness to carry out the contract discloses that as to said $500, the issue is not at all closed, where the case is in the district court for the determination of the question of specific performance, so that the money put up has not been declared by the court to be liquidated damages at all, and in fact the court decided only that appellant could not recover, nor could appellee plead res judicata as to the $500, but only as to the facts decided by the verdict of the jury."

It is true the jury found that appellant was not to get all the land covered by block 1, including lots 5 and 18, and that appellant did not rely on said representations, and was thereby induced to enter into the written contract. Still, as the true locality of the land was a disputed issue, nothing was determined by this charge and by this finding of the jury for the true location of the seven acres, for the contract is very general in its terms and is ambiguous, which requires proof outside of it to locate the land. The breach here referred to is in the failure to point out and deliver the land contracted for and relied upon to be conveyed as expressed in the contract, unless it included lots 5 and 18, and in that case the finding might preclude appellant.

The issues determined in this case by the charge of the court and the jury's findings do not locate the lands to be conveyed by any sufficient description. Of course if the case had not been a jury trial, or if the testimony was undisputed, the case might be finally determined here.

Appellant only prays for the return of the earnest money as his damages. But the appellee says that he still stands ready to perform his contract, and prays for the retention of said $500 and for damages on account of the failure of plaintiffs to perform said contract, so asks for $700 as his damages.

[6] Both parties, the complainant by filing this suit in the county court and the defendant by his answer, abandoned any demand for specific performance of the contract; thereby conferred the jurisdiction in that court where all the issues involved of a personal nature could be heard and finally disposed of.

The question of waiver, if any, by appellant's taking possession of lands pointed out to him by appellee, is one for the jury, and, not having been properly presented below, cannot be considered here. There is no doubt that for this use and occupation of the land

for the two months appellee would be entitled to compensation. He would also be entitled to his damages, if any, for the loss of the bargain, but that question was not raised; besides, they are issues of fact for the trial court, whatever we may think in respect to the judgment rendered. Appellant, however, says that:

"As the case was fully developed we think it should be reversed and rendered for plaintiff for the full $500, but in any event for the full $500, less the damages on which there may be some evidence, to wit, $78.75 or a judgment for plaintiff for $421.25, with six per cent. from May 9, 1921, and all costs of both courts."

It is alleged by appellee that he paid $15 for the abstract, $13 for having the lands surveyed and platted, and the rent of $78.95, making the total damages outside of attorney's fees in the transaction, $106.75, but no proof was submitted on all the items of damages.

For the reasons stated the appellee will not be permitted to hold the said $500, deposited as earnest money, as liquidated damages, but may be held to be compensated for damages incurred growing out of the alleged breach of the contract on the part of appellant.

This case does not seem to have been fully developed, and for that reason we do not believe we would be justified in reversing and rendering the same. But on another trial the case may be more fully developed, either in respect to repleading or additional evidence, if any, presented to cover all the issues. The judgment is therefore reversed, and cause is remanded.