## WAGNER v. DAVIS. (No. 7237.) *

(Court of Civil Appeals of Texas. San Antonio. Dec. 1, 1924. Rehearing Denied Jan. 14, 1925.)

1. Evidence ⬀450(3)—Description held so indefinite as to require evidence aliunde.

Description of land as "a certain tract of land, being seven acres of land, more or less, together with all improvements thereon, said tract of land being about four miles east of San Antonio, and located on Gonzales road," held so indefinite as to require evidence aliunde as to its identity.

2. Vendor and purchaser ⬀334(1)—Purchaser held entitled to return of earnest money with interest, where there was no contract because minds of parties did not meet.

Where description in land contract was so indefinite as to require evidence aliunde to identify the land, and the minds of the parties did not meet because purchaser thought he was buying the whole of a certain block, and vendor thought he was selling merely a portion thereof, and where vendor did not tender title to the whole block, but made performance of contract impossible by sale of land to third party, purchaser was entitled to return of earnest money, with interest.

---

⬀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction March 11, 1925.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Suit by T. J. Davis against H. Wagner, Jr., and others. Judgment for plaintiff, and defendant named appeals. Affirmed.

George Powell, of San Antonio, for appellant.

Ingrum, Smith & Gulley, of San Antonio, for appellee.

FLY, C. J. Appellee instituted this suit against appellant and Margaret Wagner, as guardian of the estate of said H. Wagner, Jr., and also as survivor in the community estate of herself and said H. Wagner, to recover the sum of $500 earnest money advanced by appellee on certain land, and for damages. The cause was submitted to a jury on special issues, and on the answers judgment was rendered in favor of appellee for $598.75, as against H. Wagner, Jr., and against Margaret Wagner, as guardian of the estate of H. Wagner, Jr., non compos mentis, and also as survivor in said estate, and for the additional sum of $50 damages. This is a second appeal of this cause; the decision on the former appeal being found in 237 S. W. 612. That opinion is referred to for a full statement of the case.

[1, 2] The first issue submitted was: "Did the plaintiff, T. J. Davis, and the defendant, H. Wagner, Jr., acting by and through his agents, or either of them, arrive at a full understanding as to the identical land that was to be purchased by plaintiff under the written contract in evidence?" The answer of the jury was in the negative, in which event the jury was instructed not to answer the other two questions, and they were not answered. The written contract of sale of the land for which the earnest money, in the sum of $500, was advanced described the land as "a certain tract of land, being seven acres of land, more or less, together with all improvements thereon, said tract of land being about four miles east of San Antonio, and located on Gonzales road." That description was so indefinite and unsatisfactory as to require evidence aliunde as to its identity, and that testimony showed that the minds of the parties never met, appellee contending that it included the whole of a certain block, and the appellant, that it did not include portions of the block.

Appellant bound himself to furnish to appellee a good and merchantable title to the land, but the abstract of title furnished to the attorney of appellee was not approved by him. No title to the whole of the block was ever tendered to appellee. The land pointed out to appellee and which he contracted for was the whole of block 1 of Grandview Addition to the city of San Antonio, but it was afterward ascertained that lots 5 and 18 out of said block did not belong to appellant. Appellee stated when the land was shown to him that he was contracting for the whole block and not a part of it. Clearly under the facts appellee was legally entitled to the return of his earnest money with interest.

There being no contract for the sale of land, the indefiniteness and uncertainty of the terms of the writing rendering it unenforceable without the aid of extraneous evidence, and that evidence showing that the minds of the parties did not meet, consequently there was no contract; the only matter involved was the $500 earnest money. The contract nullified itself, and it was not rendered null by the verdict. Appellant afterwards sold the land to another party, thereby rendering the contract impossible of performance. In equity and good conscience he should return the earnest money and interest.

We conclude that there is no merit in any of the assignments of error, and they are overruled. The finding of the jury that no contract was really made, because the minds of the parties did not meet, precluded any inquiry into damages for the breach of the contract. The propositions under the assignments raise no question as to the propriety of the judgment for attorney's fees or other damages.

The judgment is affirmed.