JAMES HALL v. JONATHAN YORK, ADM'R.

That papers which the plaintiff wished to use upon the trial, were in the possession of the jury who had retired to consider of their verdict in another case, was no ground for continuance. The Court would not permit the party to sustain an injury for the want of those papers, but would take measures to put him in possession of them, when they were wanted for the purposes of the trial.

Where the suit had been pending a year and a half, and the plaintiff had not caused a subpoena to be issued for an important witness, until the day before the case was called for trial, it was held that he had not used proper diligence, although the witness resided in the county, and was at the county seat when the subpoena issued; the subpoena had not been served.

See this case as to the proof by secondary evidence of an instrument sued on, which is traced to the possession of a resident of the county, by the wrongful act of the defendant. It seems that the plaintiff should endeavor to produce the instrument itself by means of a subpoena *duces tecum.*

A verdict simply that the plaintiff pay the costs, is bad.

Appeal from De Witt. This was a suit by the appellant against the administrator of John York, for the penalty of a title bond for a half league of land situated in Washington county, given by said York to one James Cox, and by Cox assigned to the plaintiff. The petition alleged that the bond was lost. The suit was commenced Nov. 6th, 1851. At the Spring Term, 1853, the plaintiff moved for a continuance.—

The affidavit stated that he could not go safely to trial for the want of testimony which was then in possession of a jury which was out in a suit between the same parties, which testimony consisted in certified transcripts from the General Land Office. And further plaintiff says he cannot go safely to trial for want of the testimony of James Cox, a resident of this county ; that he ordered a *subpoena duces tecum* on yesterday for said witness ; that said witness was then in this place ; that the Sheriff had not served said subpoena ; that affiant paid the Sheriff the money to tender said Cox as a witness ; that he expects to prove by said witness the loss or the reason why the original bond from John York to said Cox cannot be produced on trial ; that the testimony in regard to the bond cannot be procured from any other source, known to this affiant, as fully as it can be from said Cox ; that the continuance is not sought for delay, &c.

There was a bill of exceptions, from which it appeared that the plaintiff proved by James N. Smith, County Clerk of De Witt County, that he received from Sheppard & Sheppard of Washington County, a petition, together with a title bond, praying that Jonathan York, as administrator of John York, be required to make title to James Hall, for a tract of land in Washington County ; that when he received the petition and bond Jonathan York was gone to Washington County ; that soon afterwards Jonathan York returned and told witness that he had seen Mr. Sheppard, and that they had arranged the business, and that he, York, was authorized to withdraw the bond and petition ; that James Cox also said that the matter was settled and that he, Cox, was entitled to the bond ; that the bond and petition were given up by witness to James Cox ; that a few days after the giving up of the bond and petition, Mr. Hunt (one of plaintiff's present attorneys) called upon witness for the bond ; that witness went with Mr. Hunt to James Cox, who was then here, and Mr. Hunt demanded the bond of him ; that Cox acknowledged he had the bond,

but would not give it up, and said that he was entitled to the same. After the above testimony had been given, the defendant asked the Court to instruct the jury to wholly disregard said testimony, so far as the same depended upon the bond which witness delivered to James Cox ; which instruction was given, &c.

There was a statement of facts. The verdict was as follows : We, the jury, agree that the plaintiff pay the costs in this case.

*A. S. Cunningham*, for appellant.

*Lea* and *Alexander*, for appellee.

WHEELER, J. The Court clearly did not err in refusing a continuance. That papers, which the plaintiffs wished to use upon the trial, were in the possession of the jury who had retired to consider of their verdict in another case, was no ground for a continuance. The Court would not permit the party to sustain an injury for the want of those papers, but would take measures to put him in possession of them, when they were wanted for the purposes of the trial. If they had been beyond the reach of the Court, or the party, without his fault, the case would have been different. But when they were so easy of procurement, the Court would direct them to be brought in, rather than continue the cause over to another Term for the want of them.

The affidavit did not show the use of proper diligence to obtain the testimony of the witness, Cox. The suit had been pending for a considerable length of time ; and no excuse is shown for the omission to have the witness subpoenaed in due time. The issuing of a subpoena but the day before the trial, was not such diligence as the law requires.

It is not so clear that the Court ruled rightly, upon the admissibility of evidence. No sufficient objection is perceived

---

to the admission of the testimony of the witness Smith.  It was resisted on the ground of the want of proof of the existence and execution of the bond.  But the existence and genuineness of the bond, and that it was not in the power of the plaintiff to produce the original, was precisely what it was proposed to prove by the witness.  To this there could be no valid objection.

The copy of the bond appears to have been admitted, over the objections of the defendant; but, afterwards, it was excluded.  The same objections were urged to its admission, as to the testimony of the witness, Smith.  But the proof of the existence and genuineness of the original, was certainly sufficient to let in secondary evidence of its contents, unless upon the ground that the loss of the original had not been proved, nor its non-production sufficiently accounted for.  The defendant, in withdrawing the bond from the possession of the witness, in whose official custody it had been placed by the plaintiff, must be deemed, under the circumstances, to have tacitly admitted its genuineness.  The witness Sheppard testified that the original, of which he retained the copy offered in evidence, was executed by the defendant's intestate; and the inference to be deduced from the deposition of Greer is, that the bond was executed by York; though he does not testify directly to the fact of its execution; because, perhaps, he was not interrogated directly as to that part.  The interrogatories to the witnesses are not copied into the record, though their answers are; and we are not informed to what precise questions the answers were given.  The witness states that he was called on by the parties to the bond, to draw for them an instrument, of the description of the one in question; that he did so; he presumes the copy exhibited is a copy of the same, and that he signed it as a witness.  His name appears as a witness upon the copy; he left the instrument in possession of the parties.  The original of a bond, made between the same parties, and similar, at least, was transferred by assignment by the ob-

ligee to the plaintiff; it was placed in the hands of an attorney to bring suit upon ; a petition was accordingly filed with the bond ; and this bond was subsequently withdrawn from the custody of the Clerk by the defendant, representing to the officer that the business was settled between himself and the plaintiff's attorney. The original obligee, Cox, obtained the possession of it by the assistance of the defendant, and refused to deliver it up, at the request of the plaintiff's attorney, claiming that it was his, and that he had the right to retain it.— There certainly was no necessity for further or more satisfactory proof of the identity and genuineness of the instrument, in order to let in secondary evidence of its contents. The deposition of Sheppard, and the testimony of Smith, without the corroborating testimony of Greer, were amply sufficient for that purpose. Of course, the plaintiff could not be required to prove the execution of the instrument by the subscribing witness, when he was unable to produce it for the inspection of the witness : and the more especially, when he was deprived of its possession, by the act of the defendant himself.

But the Court may have excluded the secondary evidence of the contents of the instrument, upon the ground that the original might have been obtained by a *subpoena duces tecum* to Cox, into whose possession it was traced. On this ground, though it is not the ground mentioned in the exceptions, the evidence may have been properly excluded. It was certainly incumbent on the plaintiff to use the means which the law afforded to procure the original ; which he does not appear to have done in time. The ruling of the Court in excluding the evidence proposed, therefore, might not afford a ground for reversing the judgment. But there is another ground, upon which, it is clear, the judgment must be reversed. The verdict is not responsive to the issue. The form of a verdict is not material, so that it be intelligible, and find substantially the material issue or issues, submitted by the pleadings, for the decision of the jury. But nothing is better settled, than

that the verdict must find the very point in issue between the parties ; or, if it does not, it will not support a judgment ; and a *venire de novo*, or a new trial, must be awarded. (5 Tex. R. 211 ; 4 Id. 492; 2 Id. 204.) That the verdict is manifestly insufficient in this respect, and that for this cause a new trial ought to have been granted, is beyond question.

Without intending to anticipate, or prejudge the questions which may arise in the future progress of the case, it may be observed that the petition proceeds upon the ground that the plaintiff is entitled to recover the full amount of the penalty of the bond. This is a mistake. It has been heretofore decided, that in an action upon a bond for title, where the petition disclosed that it was not in the power of the defendant to make title, and did not allege any special damage, the measure of damages was the purchase money paid, with interest. (Sutton v. Page, 4 Tex. R. 142.) The petition in this case does not allege any special damage, nor does it allege any facts by which to ascertain the measure of damages to which the plaintiff will be entitled, in case he should establish a right to a recovery, upon another trial. The form of the instrument clearly imports that the sum of money mentioned is a mere penalty, intended as a security for the performance of the contract to make title, and to cover the damages which may be actually occasioned by the violation of the agreement. No other intention can be deduced from the instrument ; and it is very clear that no more can, in any event, be recovered upon it, than the actual damages sustained by the plaintiff. (Durst v. Swift, 11 Tex. R. 281-2.)

There were no exceptions to the petition ; and no action appears to have been taken by the Court upon the general demurrer. The legal sufficiency of the petition, therefore, is not before us for revision ; but it is thought proper to correct the evident mistake, as to his rights, under which the party is proceeding, and to suggest the propriety of ascertaining what they really are, before incurring the trouble and expense of further litigation.

Because the Court erred in refusing a new trial, the judgment is reversed and the cause remanded.

Reversed and remanded.