## C. H. KELLAM ET AL. v. C. E. HAMPTON.

Decided January 12, 1910.

**1.—Contract—Breach—Penalty or Liquidated Damages.**

The law prefers viewing a sum reserved in a contract as a penalty rather than liquidated damages; but the true criterion in the interpretation of a contract in this as well as in other respects is the true intention of the parties, which is to be ascertained by the terms and stipulations of the instrument itself. When the contract is silent as to the disposition of such sum in case of default, it will be disposed of as a penalty rather than liquidated damages.

**2.—Same—Exception to Rule.**

When the damages resulting from the breach of a contract cannot be ascertained satisfactorily by any known rule, then, if the language of the contract will admit, a sum reserved therein will be treated as liquidated damages, but not otherwise. However, the intention of the parties evinced by their contract must control.

**3.—Same—Proof.**

To give a deposit the character of liquidated damages, a contract must be

proved by which the parties agreed that in case of a breach upon the part of the depositor the amount of the deposit should go to the other party as the agreed damages arising from a breach of the contract.

**4.—Practice—Appeal—Reversal.**

When the trial court errs in the theory upon which a case should be tried, and the appellee is not chargeable with the error, upon reversal of the judgment on appeal the cause will be remanded for a new trial upon the correct theory, and judgment will not be rendered as the appellate court might otherwise do.

Appeal from the District Court of Bexar County. Tried below before Hon. J. L. Camp.

*Joel A. Lipscomb, Bertrand & Arnold* and *Ernest Fellbaum,* for appellants.—The defendants having denied under oath the consideration of the note sued on, and the burden of proof being upon the plaintiff to show that the note represented agreed or liquidated damages, and there being no evidence that the note represented agreed or liquidated damages, the court should have given the charge instructing a verdict for defendants. Collier v. Betterton, 87 Texas, 440; Durst v. Swift, 11 Texas, 273; Eakin v. Scott, 70 Texas, 444; Monroe v. South, 64 S. W., 1014; Stillwell v. Paepcke-Leicht Lumber Co., 84 S. W., 483; 3 Pomeroy's Equity Jurisprudence, sec. 381, p. 631; 13 Cyc., 95, 92.

Whether or not the sum represented by the note sued on in this case represented liquidated damages or merely a penalty was a question of fact for the jury, and the court, in instructing the jury in the first paragraph of its charge to find for plaintiff the full amount sued for, assumed that the said note represented liquidated damages and withdrew from their consideration this question of fact. Wright v. Dobie, 3 Texas Civ. App., 194.

"Unless the intent of the parties is clearly expressed, a penalty or forfeiture will not be considered as liquidated damages." 13 Cyc., 92, note; Collier v. Betterton, 87 Texas, 440; Durst v. Swift, 11 Texas, 273; Eakin v. Scott, 70 Texas, 444; Monroe v. South, 64 S. W., 1014; Gulf, C. & S. F. Ry. Co. v. Ward, 34 S. W., 328; 13 Cyc., 92, 95; Van Buren v. Digges, 52 U. S., 460; Taylor v. The Mascella (U. S.), 23 Fed. Cases, 782-783; Town of Mount Morris v. King, 28 N. Y. Supp., 281-284, 77 Hun, 18.

*W. A. Silveus* and *Seth S. Searcy,* for appellee.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellee on a promissory note for $2500 executed by C. H. Kellam, D. L. Graham, A. E. O'Brien and J. Vanlandingham, appellants herein. The cause was tried by jury and resulted in a verdict and judgment for appellee for the amount of his claim.

The facts show that the note was given for a payment on certain lands, as is disclosed by the following contract:

"Know all men by these presents, That we, W. J. Francy and C. E. Hampton, of Mt. Pleasant, in State of Iowa, in consideration of $69,620 to us in hand paid and secured to be paid as follows:

"One certain promissory note for the sum of $2500 due and paya-

ble twenty days from date to the order of C. E. Hampton, and $10,000 cash to be paid to C. E. Hampton on delivery of deed to hereinafter described property. One personal note for $9120 due and payable twelve months from date of delivery of deed. One store building and lot valued at $2500, and one stock of merchandise valued at $2500, owned by J. W. Kellam and C. H. Kellam, situated in the town of Pflugerville, county of Travis, State of Texas. $8000 received from the Texas Business Exchange, the receipt of which is hereby acknowledged. One note for $30,000 to be secured by vendor's lien on hereinafter described property, due and payable on or before three years after date of delivery of deed. As a part consideration the said C. E. Hampton agrees to retain $5000 interest in the property hereinafter described. Have bargained, sold and agrees to convey to C. H. Kellam, of the county of Travis, and State of Texas, the following described property, to wit: 3481 acres of land located about one mile west of the station of Reynolds, in Nueces County, Texas. Said land is known as the Clegg, Doyle and Berry tract, and is a part of the John Reynolds' tract and is now owned by W. J. Francy and C. E. Hampton.

"As part consideration it is further agreed by the owner of the above described property that the said C. H. Kellam shall have possession of said described land on or before July 1, 1907.

"The said W. J. Francy and C. E. Hampton agree with the said C. H. Kellam to execute releases to any tract of land sold by the said C. H. Kellam on or before thirty days after the date of notice given to said W. J. Francy and C. E. Hampton that said property has been sold. And it is further agreed that after the sale of any tract or tracts of land by said C. H. Kellam, that the said C. H. Kellam shall only be required to turn over to said W. J. Francy and C. E. Hampton the sum of $8.60 on each acre sold by the said C. H. Kellam. Said money to be credited on the $30,000 note. It is further agreed that all the above described notes, except the note for $2500 shall bear interest at the rate of seven percent per annum, until paid. The said W. J. Francy and C. E. Hampton obligate themselves to deliver to the said C. H. Kellam a complete abstract of title to said property, showing a good and sufficient title in law. Said Kellam shall have twenty days' time in which to examine said abstract after said abstract has been delivered to said Kellam. If title is found good, then said Francy and Hampton shall deliver to said Kellam general warranty deed conveying said property to said Kellam; and if there should be defects in said title, said W. J. Francy and C. E. Hampton shall have reasonable time in which to cure said defects, and if said defects can not be cured within a reasonable time, then in that event said W. J. Francy and C. E. Hampton agree to return to the said Kellam the above described note of $2500.

"Witness our signatures, in triplicate, on this the 4th day of June, 1907, city of San Antonio, Texas.

W. J. Francy, C. E. Hampton,
By C. E. Hampton,
C. H. Kellam."

It is the claim of appellee that the note was given as earnest money and was liquidated damages, and, of course, that he could recover without proof of any damages resulting from a failure of appellant, C. H. Kellam, to comply with the contract of sale. On the other hand, it is the contention of appellants that the note represented a penalty and that in order to recover, appellee was compelled to allege and prove the damages sustained by a breach of the contract. The court in the charge to the jury treated the amount of the note as liquidated damages, and instructed a verdict for appellee unless it appeared from the evidence that he had failed to tender a deed embodying a release clause as demanded by the contract, and had failed to correct the abstract of title.

The law prefers viewing a sum reserved in a contract as a penalty rather than liquidated damages, but the true criterion in the interpretation of a contract in this, as well as other respects, is the true intention of the parties, which is to be ascertained by the terms and stipulations of the instrument itself. The contract in this case is silent on the subject of the disposition of the amount of the note in case of default upon the part of the prospective buyer of the land, the only provision in regard to it being that the note should be returned to Kellam in case the title was found to be defective. The note was clearly given as the first payment on the land in case the trade was perfected, and it was to be returned to the maker of it in case defects in the title prevented the consummation of the sale. What was to be done with it in case there was a breach of the contract on the part of the vendee? On that matter the contract is silent, and there must at least be a doubt as to the intention of the parties in regard to it, and whenever there is a doubt in regard to such a matter the law will declare the sum reserved a penalty rather than liquidated damages. (Durst v. Swift, 11 Texas, 273; Hall v. York, 16 Texas, 18.)

It is true that if damages are not capable of being ascertained by any satisfactory and known rule, then, if the language of the contract will admit, the reserved sum will be held to be stipulated or liquidated damages, but where the loss or injury may be easily determined by proof of market values the sum will be regarded as a penalty and not as liquidated damages. These rules are dependent, however, upon the intention of the parties as evinced by the terms of their contract, and where there has been no contract as to the amount deposited all rules must give way to that rule of law which in the absence of an agreement will decree it to be a penalty, which can not be recovered by the person for whose benefit it was deposited without proof of the damages sustained by him. (Maupin on Marketable Title, pp. 231-232.)

To give a deposit the character of estimated, stipulated or liquidated damages, a contract must be proved by which the parties agreed that in case of a breach upon the part of the depositor, the amount of the deposit should go to the other party as the agreed damages arising from a breach of the contract. Contracts for liquidated damages are never sustained except upon the principle that parties have the right to agree in advance as to what the damages will be in case of a breach of the contract, and if no such agreement has been made, the

law will not make it for the parties. No such agreement appears in the written contract in evidence in this case, and the oral testimony, if of any value, was to the effect that the note was given as evidence of good faith of appellants in the purchase of the land. There is not one word in the record which tends to show that it was ever agreed between the parties that the amount of the note was to be stipulated or liquidated damages. In such case the law will declare it a penalty. (Beach, Mod. Law Cont., section 629, and note.)

No case has come within our observation in which it has been held that a sum deposited will be considered liquidated damages, where there is no language in the contract evidencing the intention of the parties to consider the deposit as liquidated damages. The opinion in the case of Collier v. Betterton, 87 Texas, 440, relied on by appellee, was based on a contract which specially designated the amount to be recovered as stipulated damages, and the court in view of that agreement and the circumstances surrounding the case held that the contract was for stipulated damages.

The case was tried by the court below on the theory alone that the contract provided for stipulated or liquidated damages, and consequently we do not feel disposed to deprive appellee of an opportunity of trying his case on the theory of the note being given for a penalty, and will not, therefore, render judgment, as we would do if an opportunity had been offered or forced upon him by the ruling of the trial court to so develop his case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*