## STIDHAM v. LAURIE.

(Court of Civil Appeals of Texas. Jan. 25, 1911.)

1. DAMAGES (§ 81*)—CONTRACTS — CONSTRUCTION—LIQUIDATED DAMAGES.

A contract for sale of real estate, which stipulates that the purchaser has deposited a specified sum in a bank, conditioned that, if the title proves good, he will accept a deed and pay the price, and, if the title proves bad, the deposit shall be returned to him, and, if the title is good and the deal is closed, the deposit shall be applied to the price, does not stipulate for liquidated damages for the purchaser's breach of contract.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 177; Dec. Dig. § 81.*]

2. EVIDENCE (§ 397*)—PAROL EVIDENCE—VARYING CONTRACTS.

A plain and unequivocal contract cannot be explained or enlarged by parol.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1756–1765; Dec. Dig. § 397.*]

3. EVIDENCE (§ 441*)—PAROL EVIDENCE—VARYING CONTRACTS.

It is presumed that the whole contract of the parties to a contract for the sale and purchase of real estate is embodied in the written instrument, and parol testimony to establish another agreement as to the disposition of a deposit made by the purchaser and stipulated for in the written instrument is inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2032; Dec. Dig. § 441.*]

4. DAMAGES (§ 77*) — CONSTRUCTION — LIQUIDATED DAMAGES—PENALTY.

The law prefers viewing a sum reserved in a contract as a penalty rather than as liquidated damages, but the court must ascertain the true intention of the parties by the terms of the contract.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 156; Dec. Dig. § 77.*]

Appeal from Uvalde County Court; T. M. Milam, Judge.

Action by Jeff Stidham against Mrs. S. E. Laurie. From a judgment of dismissal, plaintiff appeals. Affirmed.

Love & Williams, for appellant. G. B. Fenley and Claude Lawrence, for appellee.

FLY, J. Appellant sued appellee in the justice's court to recover $200 on an account, and recovered judgment for that sum. The case was appealed to the county court, where appellant filed a first amended original petition, in which he sought to recover on a written instrument which evidenced a contract for the sale of land by appellant to appellee and a deposit by her of $200 in a local bank. A breach of the contract by appellee was alleged, and appellant sought to recover the $200 as liquidated damages. The contract was attached to and made a part of the petition, and it was alleged that the "$200 so deposited was intended by the defendant, Mrs. S. E. Laurie, and the contract entered into by the plaintiff, with the understanding that it should be forfeited to plaintiff as liquidated damages in the event that the said Mrs. S. E. Laurie should fail and

refuse to comply in good faith with the terms and conditions of this contract." An exception was urged to the language quoted on the ground that it sought to vary the terms of the written contract. The court sustained the exception, and, appellant refusing to amend, the cause was dismissed.

That part of the contract affecting the deposit is as follows: "To secure the performance of this contract the party of the second part has this day deposited with the Commercial National Bank of Uvalde, Texas, the sum of $200.00, together with a copy of this contract, conditioned, that, if the said title proves to be good upon examination, that the party of the second part will take the said property and accept the deed thereto, and pay the above-mentioned sum as a consideration therefor; if the said title proves to be bad upon examination, then the said $200.00 shall be returned to the party of the second part; if the said title is good and the deal is closed then the said $200.00 shall be applied to the purchase price for said land." There is nothing in the language of the contract that indicates any design or intention to make the deposit liquidated damages, and, being plain and unequivocal, it could not be explained, added to, or enlarged by parol testimony. It must be presumed that the whole of the contract between the parties was embodied by them in the written instrument, and parol testimony will not be permitted to establish another agreement in regard to the disposal to be made of the deposit. "The law prefers viewing a sum reserved in a contract as a penalty rather than liquidated damages, but the true criterion in the interpretation of a contract in this, as well as other respects, is the true intention of the parties, which is to be ascertained by the terms and stipulations of the instrument itself." Kellam v. Hampton, 124 S. W. 970.

No predicate for the introduction of testimony as to a contemporaneous parol agreement was laid in the pleadings by allegations of fraud, accident, or mistake, and the petition was subject to exception. Railway v. Pfeuffer, 56 Tex. 66.

There were no allegations in the petition upon which appellant could recover, and he refused to amend by setting up the damages arising from a breach of the contract, and the court did not err in dismissing the suit.

The judgment is affirmed.