Ben NOBLE, Sr., et al., Appellants,

v.

TEXACON INDUSTRIES, INC., et al., Appellees.

No. 14086.

Court of Civil Appeals of Texas.

San Antonio.

April 24, 1963.

Rehearing Denied May 22, 1963.

Levey & Goldstein, Foster, Lewis, Langley & Lewis, San Antonio, Bryan, Suhr & Bering, Houston, for appellants.

Mayo Galindo, Josh H. Groce, San Antonio, for appellees.

MURRAY, Chief Justice.

This is a venue case. The suit was filed in the District Court of Bexar County, Texas, by Texacon Industries, Inc., of Harris County, against Electrical Distributing Company, Inc., of Bexar County, and Ben

Noble, Sr., and Lew Todes, Jr., both of Harris County, alleging that on June 11, 1962, Electrical Distributing Company, hereinafter called Electrical Company, entered into a contract with Ben Noble, Sr., and Lew Todes, Jr., for the sale of its stock or assets, as witnessed by the following letter:

"6812 Staffordshire
Houston 25, Texas
June 8, 1962

"Mr. E. S. Richardson
Electrical Distributing Company
102 West Josephine Street
San Antonio 6, Texas, and

"Texacon Industries, Inc.
2122 Welch
Houston 19, Texas

Subject: Offer to purchase the
Electrical Distributing Co.

"Gentlemen:

"We hereby offer to purchase all of the stock or the assets of the Electrical Distributing Co., 102 West Josephine Street, San Antonio, Texas, on the following terms:

| | |
|---|---|
| Total purchase price | $230,000.00 |
| Cash on closing | $130,000.00 |
| Balance | $100,000.00 |

"The balance of $100,000.00 is to be paid in fourteen (14) semi-annual installments represented by secured notes bearing interest at the rate of five and one half (5½%) per cent per annum as follows: * * *

"As evidence of our sincerity and in accordance with standard practice, we submit herewith our check in the amount of $10,000.00 as escrow deposit of earnest money which said amount shall represent part of the cash payment of $130,000.00 as specified above. We would like to effect this transaction as of June 30, 1962.

"This offer is subject to acceptance on or before June 12, 1962.

"Very truly yours,

/s/ Ben Noble, Sr.
/s/ Lew Todes, Jr.

"ACCEPTED:

Electrical Distributing Co.
/s/ E. S. Richardson, President

"DATED: 6–11–62".

———◆———

Texacon Industries, Inc., hereinafter called Texacon, acted as broker in this transaction. The $10,000.00 was placed in escrow with Texacon in the form of a check payable to E. S. Richardson and Texacon.

It is the contention of Noble and Todes that this letter was never properly accepted because only the stockholders could agree to sell all of their stock and all of the assets of the corporation, and that the signature of E. S. Richardson as President of Electrical Company was not a valid acceptance.

On June 14, 1962, Noble and Todes refused to go through with this alleged contract and demanded the return of the $10,-000.00. Texacon alleges it is holding the $10,000.00 in escrow and that it is confronted with conflicting claims by Electrical Company, on the one hand, and Noble and Todes, on the other, for this $10,000.-00. It tenders the $10,000.00 into the registry of the court and asks that these conflicting claims be determined by the court. The evidence shows that there exists between Texacon and Electrical Company an agreement that they are to share equally in such sums as may be recovered by Electrical Company.

The pleas of privilege of Noble and Todes came on to be heard in the 73rd District Court of Bexar County on July 31, 1962, and the trial court, after hearing the evidence and argument of counsel for both sides, pronounced in open court judgment sustaining the pleas of privilege. This judgment was reduced to writing but was never signed or approved by the trial court or entered in the regular minutes of the court.

On September 12, 1962, the trial court set aside his judgment of July 31, 1962, and rendered judgment overruling the pleas of privilege. Noble and Todes have prosecuted this appeal from that judgment.

■ The first question to be here decided is whether the judgment of July 31, 1962, had become final and therefore not subject to being set aside by the trial court on September 12, 1962. As we understand the holding of the Supreme Court in the recent case of Ex parte Godeke, Tex., 355 S.W.2d 701, a judgment is not rendered

until it has been reduced to writing, signed and approved by the trial court. The judgment pronounced by the trial court on July 31, 1962, had not become final on September 12, 1962, at which time it was effectively set aside by the trial court. Thus, after setting aside the first judgment, the trial court had jurisdiction to render the judgment of September 12. See Rules 306a and 329b, Texas Rules of Civil Procedure.

■ In rendering the judgment overruling the plea of privilege, the trial court announced that it was governed by the opinion of this Court in Reid v. Uhlhorn, 359 S.W.2d 278. In that case, this Court held that for an interpleader action to be proper it was only required that there be a reasonable doubt, either of fact or law, as to which one of the claimants was entitled to receive the funds held by the interpleader. This undoubtedly is a correct statement of the law of this State with reference to the filing of interpleaders as provided for by Rule 43, T.R.C.P.

■ We must determine whether there is a reasonable doubt as to which claimant herein is entitled to recover the $10,000.00. Davis v. East Texas Savings & Loan Ass'n, Tex., 354 S.W.2d 926. We conclude that appellants, Noble and Todes are clearly entitled to recover the $10,000.00, and that Electrical Company has no right to same. The letter does not provide that in the event of a breach of the contract, the $10,-000.00 is to be forfeited to Electrical Company as liquidated damages. The alleged letter contract was repudiated by Noble and Todes on June 14, 1962. There was no attempt made to consummate the contract. Noble and Todes never undertook to take over the stock or the assets of Electrical Company, and under the circumstances it had no claim to the $10,000.00. Stidham v. Laurie, Tex.Civ.App., 133 S.W. 1082; Kellam v. Hampton, 58 Tex.Civ. App. 484, 124 S.W. 970.

Appellees have cited a number of cases in support of their contention that Noble

and Todes should not be permitted to recover the $10,000.00. In the first case cited, Estes v. Browning, 11 Tex. 237, the purchaser went into possession of the land, gave notes for the purchase price and made a number of payments on these notes. He remained in possession of the land until his death. The Court held that his legal representatives could not recover that part of the purchase price which he had paid while occupying the land. Here Noble and Todes never went into possession of either the stock or the assets of Electrical Company. The $10,000.00 was not paid to Electrical Company, but placed in escrow with Texacon.

Appellees next cite the cases of Davenport v. Sparkman, Tex.Com.App., 208 S.W. 658; Lieber v. Nicholson, Tex.Com.App., 206 S.W. 512; and Champion v. Taylor, Tex.Civ.App., 229 S.W. 627. These cases are all clearly distinguishable from Stidham v. Laurie and Kellam v. Hampton, supra.

The law does not favor forfeitures, and where earnest money is placed in escrow, not with the vendor but with a third person, and there is no provision for a forfeiture as liquidated damages, it is to be regarded as a penalty and not as liquidated damages.

It will be borne in mind that this is a venue case. All the parties to this suit are domiciled in Harris County except Electrical Company. Brushing away matters of form and looking only to the substance of things, this suit is really one by Texacon and Electrical Company against Noble and Todes to recover the $10,000.00 placed in escrow by them. Venue in Bexar County must rest alone upon the fact that Electrical Company is domiciled in Bexar County. The evidence shows that there is no controversy between Texacon and Electrical Company. They have entered into a written agreement that whatever is recovered from Noble and Todes will be divided equally between them. Texacon and Electrical Company are in truth and in fact co-plaintiffs against the defendants Noble and Todes. Texacon is aligned with Electrical Company in a common fight to recover what they can from Noble and Todes. Under the provisions of our venue statute, Art. 1995, Vernon's Ann.Civ.Stats., Noble and Todes have a right to have this suit tried in Harris County. The mere fact that the suit is styled an "Interpleader" should not be sufficient to deprive them of their very valuable right, given them by the venue statute, to be sued in the county of their residence.

We find it unnecessary to pass on other points presented. Accordingly, the judgment of the trial court will be reversed and venue of this case ordered transferred to the District Court of Harris County, Texas, in keeping with the provisions of Rule 89, T.R.C.P.