**Elbert DAUGHERTY, Appellant,**

v.

**Ethel E. GOWER, Appellee.**

**No. 7621.**

Court of Civil Appeals of Texas.

Amarillo.

May 23, 1966.

**536**

Miller, Sanders & Baker, Amarillo, for appellant.

S. R. Lenning, Jr., Pampa, for appellee.

DENTON, Chief Justice.

Summary judgment was rendered for Ethel E. Gower, appellee in her suit against Elbert Daugherty, appellant, on a promissory note. No brief has been filed by appellee.

Appellee alleged the execution by appellant of a note in the amount of $800.00, dated April 17, 1964, payable in six months from date. Appellant, by sworn answer, alleged affirmative defenses of failure of consideration and duress. Thereafter, appellee filed her motion for summary judgment which was supported by her own affidavit and that of her daughter, the former wife of appellant. Both affidavits state the note was executed by appellant as security for money previously loaned to him by appellee and denied any duress.

Appellant contends his affidavit, attached to his answer to appellee's motion for summary judgment, creates issues of fact which should have been submitted to a trier of the facts. In his controverting affidavit, appellant asserts appellee did not loan him money at any time; that any money received from appellee was a gift to appellant and his former wife; that the note was executed by him in the office of an attorney of his former wife; that her suit for divorce against him was then pending; that her attorney advised him his wife "would not proceed with her final hearing on the divorce if I did not sign the note"; and that he signed the note only because of this threat.

For a party to be entitled to a summary judgment, the provisions of Rule 166–A, Texas Rules of Civil Procedure must be strictly complied with. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. The burden of demonstrating the lack of a genuine issue of material fact is upon the movant and all doubts are resolved against him. Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274. In Re: Price's Estate (Sup. Ct.), 375 S.W.2d 900.

Failure of consideration is a defense in an action upon a negotiable instrument. Section 28, Article 5933 Vernon's Ann.Tex.Civ.St. Section 55, Vernon's Ann.Tex.Civ.St. Art. 5935 renders title to an instrument defective when the instrument is obtained by duress. These are valid defenses to an action upon a promissory note, and if proved, constitute a complete defense to the action. Hunley v. Garber (Tex.Civ.App.), 254 S.W.2d 813. Appellant's affidavit is sufficient to raise an issue of fact as to the failure of consideration and duress as between the parties. Appellee, having failed to sustain her burden of establishing the absence of a genuine issue of material fact as required by Rule 166–A, it necessarily follows the trial court erred in sustaining her motion for summary judgment. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W. 2d 233. Winters v. Langdeau (Sup.Ct.), 360 S.W.2d 515.

The judgment of the trial court is reversed and the cause remanded.