Joe A. **BIRDWELL**, Trustee, Appellant,

v.

**J.T. FERRELL, Jr., et al., Appellees.**

No. 3–87–019CV.

Court of Appeals of Texas, Austin.

Feb. 24, 1988.

same in the contract. We will reverse the judgment of the trial court.

## BACKGROUND

On September 10, 1985, J.T. Ferrell, Jr., and his wife, Nelda Ferrell, appellees, entered into a contract with appellant, Joe A. Birdwell, trustee, in which the Ferrells agreed to sell and Birdwell agreed to purchase a 5.19 acre tract of land.

After the contract was signed, the parties executed an Addendum to the contract which extended the period for completion of economic feasibility studies (discussed below) to June 20, 1986. In this Addendum Birdwell agreed to file for zoning and a subdivision plat no later than February 20, 1986. The contract states that time was of the essence.

On April 7, 1986, appellant notified the appellees that the property was not suitable for his intended use and terminated the contract. Thereupon this suit was filed against appellant, alleging that a breach of the contract occurred when appellant did not file for zoning or a subdivision plat by February 20, 1986.

Appellees demanded forfeiture of the earnest-money letter of credit, together with attorney's fees and court costs. The trial court awarded appellees judgment in the sum of $10,000, attorney's fees in the amount of $2500, and court costs.

## DISCUSSION

Appellant urges that the trial court's award of a money judgment was error because the contract contains no liquidated damages provision and no proof existed of damages to support a money judgment.

Gary A. Calabrese, Austin, for appellant.

Hal Haralson, Austin, for appellees.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

BRADY, Justice.

This is an appeal from a money judgment for a breach of an earnest-money contract. The sole question to be determined in this appeal is whether a trial court may award liquidated damages for the breach of a contract when there is no provision for the

I. *Applicable Rules in Construing Contracts.*

Generally, the meaning to be given the language used in a contract is a question of law. *Vanguard Insurance Co. v. Stewart,* 593 S.W.2d 736, 738 (Tex.Civ. App.1979), aff'd, 603 S.W.2d 761 (Tex.1980). The cardinal rule to be observed in the construction of contracts is to ascertain

and give effect, whenever possible, to the intention of the parties, as that intention is revealed by the language used in the agreement. *Bradley v. Howell*, 126 S.W.2d 547, 560–61, (Tex.Civ.App.1939, writ dism'd). The intent of the parties is to be ascertained from the entire instrument, harmonizing and giving effect to all provisions of the contract so that none will be rendered meaningless. *Gibson v. Bentley*, 605 S.W. 2d 337 (Tex.Civ.App.1980, writ ref'd n.r.e.). The language used by the parties in a contract should be accorded its plain, grammatical meaning unless it appears that the intention of the parties would be defeated. *Lyons v. Montgomery*, 701 S.W.2d 641, 643 (Tex.1985). With these rules in mind we turn now to the terms of the contract.

## II. *The Terms of the Contract.*

Paragraph one of the contract reads: "1. *Property.* Purchaser agrees to purchase and Seller agrees to sell to Purchaser *upon terms and conditions contained herein,* ... 5.19 acres out of F.M. Hodges Survey # 22...." The terms and conditions relevant to our inquiry are found in Addenda A and B of the contract. We will set out Addendum A in its entirety:

> *Feasibility Study.* Buyer's obligation to purchase the Property is subject to satisfactory completion of economic feasibility studies and such other studies as Buyer deems appropriate to determine whether he can use the Property for his intended purposes. Buyer has sixty (60) calendar days from the effective date to complete the studies (the "feasibility study period"). During this period, Buyer or his agent may enter upon the Property at reasonable times for inspection. Whether the Property is suitable for Buyer's intended use will be determined in his sole discretion. *If buyer determines the Property is not suitable for his use, he may terminate the Contract* by delivering written notice to Seller on or before the last day of the feasibility study period. *If Buyer delivers a timely termination notice, neither he nor Seller have any further obligation under this Contract* and the $10,000 Letter

of Credit shall be promptly returned to Buyer without delay or penalty.

(emphasis added).

Addendum A makes appellant's obligation to purchase the property subject to satisfactory completion of *economic feasibility studies and such other studies* as he deems appropriate to determine whether he can "use the Property for his intended purposes." (emphasis added). If appellant determines the property is not suitable for his use, he may terminate the contract by delivery of written notice within the period specified in Addendum A and recover the $10,000 letter of credit.

Appellant was unable to complete his economic feasibility studies within the sixty-day period provided for by Addendum A. Appellant bargained for an extension of the feasibility study period, and the contract was modified by Addendum B, which extended the feasibility period to June 20, 1986. In Addendum B, appellant promised to file for "zoning and a subdivision plat by no later than February 20, 1986."

As part of his feasibility studies, appellant sought financing for the purchase and development of the property. Prior to filing for zoning or a subdivision plat, appellant determined he would not be able to obtain the needed financing. Appellant regarded this as rendering the property unsuitable for his intended purposes. Pursuant to the contract, appellant notified the appellees that the property was not suitable for his intended purposes and terminated the contract, seeking return of the earnest-money letter of credit. Appellees then filed suit alleging appellant's failure to file for zoning and a subdivision plat was a breach of the contract entitling them to the earnest-money letter of credit.

## III. *The Money Judgment.*

■ Parties to a contract may stipulate the amount of damages to be recovered in the event of a breach. The stipulated sum should represent a reasonable estimate of damages; and, the intent that the sum be in lieu of other damages must be evident. Such an agreement will bind the parties and furnish the measure of

damages. *See Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484, 486–87 (1952). Such an agreement *must be expressed, and in the absence of an express agreement for liquidated damages the court will not make one for the parties. Kellam v. Hampton*, 58 Tex.Civ.App. 484, 124 S.W. 970, 971 (1910, no writ) (emphasis added).

The earnest-money contract that is the subject of this dispute contains no express provision for liquidated damages in the event of a breach. Indeed, there is no express provision for forfeiture of the earnest money anywhere in the contract.

■ The law does not favor forfeitures; and where money is placed in escrow, not with the vendor but with a third person, and there is no provision for a forfeiture as liquidated damages, the law regards the forfeiture of the funds as a penalty and not liquidated damages. *Noble v. Texacon Industries, Inc.*, 367 S.W.2d 872, 876 (Tex. Civ.App.1963, no writ). Under these facts, the earnest-money is a penalty; and the seller, to recover, must show the damages he has sustained. *See Kellam v. Hampton*, 124 S.W. at 971. The findings of the trial court, concerning the amount of damages to be awarded, will generally be sustained on review if there is evidence in the record to support such findings. *Johnson v. Buck*, 540 S.W.2d 393, 416 (Tex.Civ.App. 1976, writ ref'd n.r.e.).

■ We have examined the record carefully to determine whether appellee provided sufficient evidence to support the trial court's $10,000 money judgment in favor of appellees. We find no evidence in the record to support the award. While the door was opened for precisely this line of testimony by appellant's cross-examination of Mr. Ferrell, appellee's counsel failed to pursue the matter on re-direct.

## CONCLUSION

We hold that the appellant, having determined the property was not suitable for his intended purposes, properly exercised his right to terminate the contract. We sustain appellee's ninth point of error.

The judgment of the trial court awarding appellee a money judgment of $10,000 is reversed.

■ Appellant did not request nominal damages in the trial court or the appellate courts and this constitutes waiver thereof. *Matthews–Carr v. Brown Exp.*, 217 S.W.2d 75, 77 (Tex.Civ.App.1948, no writ). Since there is no recovery upon which attorney fees may be predicated (no just amount owing), we must also reverse that part of the trial court's judgment awarding the appellee his attorney fees and costs. See Civ.Prac. & Rem.Code Ann. §§ 38.001, 38.002 (1986); *Carr v. Austin Forty*, 744 S.W.2d 267 (Tex.App.–Austin 1987). That portion of the trial court's judgment awarding appellee a money judgment in the amount of $10,000, attorney's fees in the amount of $2,500, and court costs is reversed; and judgment is rendered that appellee take nothing.

Reversed and Rendered.